## Weiskircher, Appellant, *v.* Volk.

*Execution—Judgment—Fraud.*

The issuing of an execution for an amount largely in excess of what is actually due, there being no uncertainty in the mind of the plaintiff as to the amount of the indebtedness, without any other evidence of fraudulent purpose, is a fraud upon the rights of subsequent creditors.

While the parties may agree that a judgment may remain on the record as security for other debts, this cannot be effective to the prejudice of innocent third parties.

Fraud, while concealed, is beyond the reach of the law, yet concealment is itself indicative of fraud, and, if unexplained, establishes a presumption of fraud which its author must rebut, or bear the consequences.    If a party chooses to blend a claim which the law permits with one which it pronounces fraudulent, in an attempt to enforce them by the same process, he cannot look to the court to separate them, and preserve the former while avoiding the latter.    Being united by the act of the party, they must stand or fall together, as a whole.    The fraud inhering in part of the collective claim must be held to taint the whole, and the claim which, standing alone, would be valid, must fall with the fraudulent one with which it is combined.

Argued April 10, 1905.    Appeal, No. 26, April T., 1905, by plaintiff, from order of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 88, dismissing exceptions to auditor's report in case of Jacob Weiskircher v. Philip Volk.    Before RICE, P. J.,

612    WEISKIRCHER, Appellant, *v.* VOLK.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of D. A. Reed, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order dismissing exceptions to auditor's report.

*P. M. Scott,* for appellant, cited : Davis v. Charles, 8 Pa. 82; Miller v. McAlister, 178 Pa. 140 ; Page v. Simpson, 188 Pa. 393.

*James T. Buchanan,* for appellee, cited : Smith v. Wagenseller, 21 Pa. 491 ; Kerr's App., 92 Pa. 236 ; Peirce v. Black, 105 Pa. 342 ; Bank v. Mosser, 161 Pa. 469 ; Gates v. Johnston, 3 Pa. 52; Whiting v. Johnson, 11 S. & R. 328; McKee v. Gilchrist, 3 Watts, 230; Clark v. Douglass, 62 Pa. 408; Hogan's App., 181 Pa. 500 ; Page v. Suspender Co., 191 Pa. 511 ; Orr v. Peters, 197 Pa. 606 ; Redfield & Rice Mfg. Co. v. Dysart, 62 Pa. 62; Miller v. McAlister, 178 Pa. 140 ; Kaine v. Weigley, 22 Pa. 179 ; Wilder v. Fondey, 4 Wendell (N. Y.), 100.

OPINION BY SMITH, J., December 12, 1905 :

In his opinion sustaining the auditor's report awarding the fund to the mortgagee, the learned judge says : " The question in this case is whether the issuing of an execution for an amount largely in excess of what is actually due, there being no uncertainty in the mind of the plaintiff as to the amount of the indebtedness, without any other evidence of fraudulent purpose, is a fraud upon the rights of subsequent creditors." It appears that judgment for $4,100, was entered October 2, 1901, but was fully paid August 19, 1902, when the first parol agreement to allow the judgment to stand as security for other debts was made. The mortgage for $2,500, was recorded August 23, 1902, and the second parol agreement was made September 16, 1902. Under the first agreement the judgment might stand as security for $792; and under the second agreement the judgment was for the further security of a loan of $200, which was made after the mortgage was recorded. The

execution was for the full amount of the judgment with interest from date, without reduction or reference to the sums thus secured.   The liquidation first appeared after the sale, and in denial of the mortgagee's exceptions to the sheriff's distribution of the proceeds.

In passing on the case, the judge considered all the material questions involved and referred to in the report, and after examination we agree with his conclusion : that the execution was fraudulent against subsequent lien creditors.   The conclusion is in accord with the fundamental principle and purpose of the act of 13 Elizabeth, as shown by its preamble and enactment.   The purpose of that statute is to make void all feigned judgments, executions and like instruments.   The execution here is the immediate thing aimed at as feigned.   On its face it demands more than four times the sum actually due, which is the only substantial basis for any judgment here, legal or equitable ; contrary to the rule that " The execution must follow the judgment and be warranted by it."   True, this rule of law has been departed from, in exceptional cases, in aid of lawful agreements, but not when third parties are affected. Here both the amount of the judgment and of the execution are admittedly excessive, neither having the support of a true record in this respect, but resting on parol evidence.   To support an execution under such circumstances would be an unwarranted departure from the intent of the statute, and the settled practice in Pennsylvania.   That statute is aimed at feigned executions as well as judgments.   It was intended to prevent any " hindrance of the due course and execution of law and justice."

Generally the amount stated in the record and for which the judgment was entered is conclusive of the sum due on the execution, and when that is paid the judgment is functus officio.   While the parties may agree that the judgment may remain on the record as security for other debts, this cannot be effective to the prejudice of innocent third parties.   The practice tends to open an easy pathway to fraud.   The principle that records of courts of law import verity will not be departed from to the extent of aiding irregular process involving material departures from the established practice.

Conceding that the plaintiff afterward disclaimed all above

the amount due under the first parol agreement, and that no intention to defraud then existed, the fact remains that it was sought by the second agreement to secure an additional loan of $200 not before referred to, and to this extent at least it clearly invaded the rights of the mortgagee. While neither the liquidation nor the ultimate fact in the proceedings discloses certain pecuniary injury, it was nevertheless irregular and fraudulent to keep from the record or otherwise fail to make known to interested third parties, the disguised facts through which the plaintiff operated. From this irregular course, an implication of fraud arises, which might have been avoided by simply reducing the execution to the sum actually due. Presumably the execution was for the true demand. Nothing appeared in contradiction until after the sale, when the hitherto concealed fact was first disclosed, through a contest over the proceeds.

Fraud, while concealed, is beyond the reach of the law, yet "concealment is itself indicative of fraud," and, if unexplained, establishes a presumption of fraud which its author must rebut, or bear the consequences. If a party chooses to blend a claim which the law permits with one which it pronounces fraudulent, in an attempt to enforce them by the same process, he cannot look to the court to separate them, and preserve the former while avoiding the latter. Being united by the act of the party, they must stand or fall together, as a whole. The fraud inhering in part of the collective claim must be held to taint the whole, and the claim which, standing alone, would be valid, must fall with the fraudulent one with which it is combined. Further discussion of the case is unnecessary.

Judgment affirmed.